**Flavio ENRIQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40744.**

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

Mark A. Troy, Jr., Dallas, W. John Allison, Jr., Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Arch Pardue and Kerry FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for assault to murder with malice; and the punishment was assessed at ten years.

It is contended that the state's attorney committed reversible error in introducing before the jury by reference and insinuation, during the cross-examination of the appellant, the fact that he had killed Roy Ochoa previous to his shooting Jesse Jaramillo as charged in this case.

During the cross-examination of the appellant this matter arose as follows:

"Q Does Jessie (assaulted party) look like one of the Ochoa boys?

"A No, sir.

"Q Well, you knew Roy Ochoa when he was alive, didn't you?

"Appellant's Attorney: Your Honor, we object to that.

"The Court: Well, I don't understand.

"Appellant's Attorney: I ask the Court at this time for a mistrial based on the State's interjecting testimony that's not material and prejudicial.

"State's Attorney: He asked him if he knew Roy Ochoa when he was alive.

"The Court: Asked if he knew him, overrule the objection to that question.

"Q (By State's Attorney) Did you know him?

"Appellant's Attorney: You overrule our motion, too, Your Honor?

"The Court: Yes, denied.

"Appellant's Attorney: Note our exception.

"Q (By State's Attorney) Did you know Roy Ochoa when he was alive?

"A When he was alive?

"Q When he was alive.

"A Yes, sir.

"Appellant's Attorney: We object, unless they can show this is material to this case.

"The Court: Overrule.

"Appellant's Attorney: Note our exception.

"Q Did you think this might be one of the brothers or something?

"A No, sir.

"Q Did you think he might be after you?

"A No, sir, ain't got no reason to.

"Appellant's Attorney: Your Honor, we'll have to object to Mr. Caperton's speaking here in a tone for the Jury about matters that are not in evidence.

"The Court: Don't talk loud where the Jury can hear you.

"Q Did you, are you saying you didn't have reason to think one of the Ochoa boys might be after you?

"A Sir.

"Appellant's Attorney: Object to the whole line of questioning on the grounds it's immaterial, and prejudicial.

"The Court: Overrule.

"Appellant's Attorney: Note our exception.

"Q (By State's Attorney) Did you have a reason to think that one of the Ochoa boys might be after you, Flavio?

"A No, sir.

"Q   No reason at all to think one of those boys might be after you?

"The Court:  He said no, sir, he answered the question.

"The Witness:  No, sir.

"Q   (By State's Attorney) What happened to Roy Ochoa?"

The testimony reveals that after the assaulted party, age 19, and his cousin left a tavern about 12:15 a. m., they were standing facing the front of the tavern about fifty feet away, when they saw three Latin-American men walking toward them, and as they passed, the assaulted party heard a "click," then saw a pistol in the hand of one of the men who shot him, and the three men fled from the scene; and that he had never seen these men before and never knew them.

The appellant testified that he never knew the assaulted party, never saw him at the scene of the shooting, and that as he walked from the tavern he heard a shot, began running, and then he heard other shots.

No defensive charge was submitted to the jury, there were no objections thereto, and no requested charges were presented.

On the hearing of the motion for new trial, the state's attorney who cross-examined the appellant on the main trial, testified in part as follows:

"Q   Well, I'll ask you the question then.  Did you know of your own knowledge at the time you asked the questions that the Defendant had been no-billed of the offense of murder of Roy Ochoa?

"A   I did."

There is no testimony on the trial on the merits about or referring to Roy Ochoa or the Ochoa boys except as shown by the questions propounded by the state to the appellant.  By these questions the state assumed as a fact that Roy Ochoa was dead, that Ochoa's brothers had reason to be after the appellant, and such questions reasonably inferred and insinuated that the appellant killed Ochoa.  Numerous questions were asked the appellant if he didn't have reason to think that the Ochoa boys were after him.  These questions which the state repeatedly asked over objection conveyed to the jury in the nature of testimony the information that the appellant had wrongfully killed Roy Ochoa and that his brothers had good reason to be after him.

The foregoing testimony was not pertinent to any issue raised on the trial.  It was reasonably calculated to prejudice the rights of the appellant before the jury, deprived him of a fair and impartial trial, and requires reversal.

For the error pointed out, the judgment is reversed and the cause is remanded.